**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4301**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH CHIPPERFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.   David C. Norton, District Judge. (CR-02-523)

Submitted: January 29, 2004        Decided:  February 9, 2004

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Philip A. Middleton, Charleston, South Carolina, for Appellant. James Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina; Mary Gordon Baker, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Chipperfield pled guilty to conspiracy to commit mail fraud based on his scheme to fake his own death and have his wife collect his insurance proceeds. After the district court sentenced him to thirty months imprisonment, Chipperfield appealed. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but addressing the propriety of Chipperfield's sentence. Chipperfield was informed of his right to file a pro se brief but has not done so. Finding no reversible error, we affirm in part and dismiss in part.

Chipperfield's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. The district court properly advised Chipperfield as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court correctly computed Chipperfield's offense level and properly refused to decrease his offense level under U.S. Sentencing Guidelines Manual § 2X1.1(b)(2) (2000), because Chipperfield and his co-conspirators had completed all acts they believed necessary for successful completion of the

offense. We further find that the district court correctly determined that Chipperfield did not qualify for a departure based on "aberrant behavior." See USSG § 5K2.20(5).

Chipperfield moved for a downward departure based on the impossibility of the scheme. USSG § 2F1.1, comment. (n.11). The district court denied the motion, finding that the scheme was not impossible and the gravity of the offense was not overstated. Where, as here, the sentencing court was aware of its authority to depart and declined to do so, we lack authority to review its decision. See United States v. Edwards, 188 F.3d 230, 238-39 (4th Cir. 1999); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Accordingly, we dismiss this portion of the appeal.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Chipperfield's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>